IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY LEROY JOHNSON, | } | |
| TDCJ-CID NO.542461, | } | |
| Petitioner, | } | |
| | } | |
| V. | } | CIVIL ACTION NO. H-07-2451 |
| | } | |
| NATHANIEL QUARTERMAN, Director, | } | |
| Texas Department of Criminal | } | |
| Justice, Institutional Division, | } | |
| Respondent. | } | |

## OPINION ON DISMISSAL

Petitioner Harry Leroy Johnson, a state inmate, seeks habeas corpus relief under 28 U.S.C. ' 2254. In 1990, petitioner was convicted of unauthorized use of a motor vehicle in the 230th District Court of Harris County, Texas, in cause number 543659. As a habitual offender, petitioner received a sentence of twenty-five years confinement in the Texas Department of Criminal JusticeΒCorrectional Institutions Division. Petitioner=s conviction was affirmed on direct appeal. *Johnson v. State*, No.01-90-00316-CR, 1991 WL 123554 (Tex. App.ΒHouston [1st Dist.] 1991, no pet.). Petitioner=s first state habeas application was denied without written order by the Texas Court of Criminal Appeals. *See Ex parte Johnson*, Application No.28,764-01.[1] Four other state habeas applications have been dismissed as an abuse of the writ. *See Ex parte Johnson*, Application No.28,764-02, No.28,764-04, No.28,764-

---

[1] *See* Texas court website at
www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=167208

06, No.28,764-09.[2]   The Texas Court of Criminal Appeals denied one state habeas application

without written order on the trial court=s findings without a hearing on March 14, 2007.  *Ex*

*parte Johnson*, Application No.28,764-08.[3]

On January 2, 1997, petitioner=s first federal habeas petition was dismissed for

failure to exhaust state court remedies.  *Johnson v. Johnson*, Civil Action No. H-96-771 (S.D.

Tex. Jan. 2, 1997).   Petitioner=s second federal habeas petition was denied on the merits.

*Johnson v. Johnson*, Civil Action No. H-98-465 (S.D. Tex. Dec. 7, 1999).   Petitioner did not

appeal this decision.   His third federal habeas proceeding was dismissed as an authorized

successive writ.  *Johnson v. Cockrell*, Civil Action No. H-02-4446 (S.D. Tex. Dec. 17, 2002).

The Fifth Circuit Court of Appeals denied petitioner=s request for a certificate of appealability

from that decision.  This Court dismissed a fourth federal habeas proceeding as successive on

May 25, 2006.  *Johnson v. Dretke*, Civil Action No. H-06-1770 (S.D. Tex. May 25, 2006).  The

Fifth Circuit denied his request for a certificate of appealability from the 2006 decision. Pending

is petitioner=s fifth federal habeas petition seeking relief on his conviction for unauthorized use

of an automobile in cause number 543659 from the 230th State District Court of Harris County,

Texas.  (Docket Entry No.1).

In general, federal habeas petitioners must bring their claims in one action.   28

U.S.C. ' 2244(b) provides as follows, in pertinent part:

> (1)   A claim presented in a second or successive habeas corpus
> application under ' 2254 that was presented in a prior
> application shall be dismissed.

---

[2] *See* Texas court website at
www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&ACaseNumberNo=
&Submit1=Search#Found

[3] See Texas court website at
www.cca.courts.stat.tx.us/opinions/EventInfo.asp?EventID=2280624

(2) A claim presented in a second or successive habeas corpus application under ' 2254 that was not presented in a prior application shall be dismissed unlessB

  (A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization.  28 U.S.C. ' 2244(b)(3).  Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed.  28 U.S.C. ' 2244(b)(1).

There is no allegation or showing that petitioner has sought or received authorization from the court of appeals to proceed in this court as to any new claims he is raising.  Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this court on any new claims.

The Court finds that petitioner has not made a substantial showing that reasonable jurists would find the Court=s procedural ruling debatable.  *See Beazley v. Johnson*, 242 F.3d

248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  For this

reason, the Court finds that a certificate of appealability should not issue in this case.

Petitioner=s application to proceed as a pauper (Docket Entry No.3) is DENIED.

Signed at Houston, Texas, on this 23rd day of August, 2007.

Melinda Harmon
United States District Judge